IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02603-GPG

GARRY DON SCOTT, JR.,

    Applicant,

v.

WARDEN FCI-FLORENCE,

    Respondent.

---

## ORDER OF DISMISSAL

---

Applicant, Garry Don Scott, Jr., is a prisoner in the custody of the Federal Bureau of Prisons.  Mr. Scott has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) challenging the validity of the prison sentence he is serving.  On December 1, 2015, Magistrate Judge Gordon P. Gallagher ordered Mr. Scott to show cause why this action should not be dismissed because he has an adequate and effective remedy available to him in the sentencing court pursuant to 28 U.S.C. § 2255.  On January 20, 2016, Mr. Scott filed a "Response to Order to Show Cause 28 U.S.C. § 2241" (ECF No. 8).

The Court must construe the papers filed by Mr. Scott liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will dismiss the action for lack of statutory jurisdiction.

Mr. Scott is serving a sentence of 262 months in prison as a result of guilty pleas in two separate criminal cases in the United States District Court for the Northern District of Oklahoma. *See United States v. Scott*, Nos. 09-CR-0126-CVE, 11-CV-0632-CVE-FHM, 2015 WL 6869912 at *1 (N.D. Okla. Nov. 9, 2015) (order dismissing Rule 60(b) motion). Mr. Scott previously has challenged the validity of his convictions in the sentencing court. He initially filed a motion pursuant to 28 U.S.C. § 2255 asserting "claims of ineffective assistance of counsel concerning his decision to change his plea to guilty in both cases." *Id.* The first § 2255 "motion was denied and defendant did not request a certificate of appealability from the Tenth Circuit Court of Appeals." *Id.* Mr. Scott later filed a second § 2255 motion seeking relief under *Descamps v. United States*, 133 S. Ct. 2276 (2013), that was dismissed for lack of jurisdiction. *See id.* Most recently, Mr. Scott filed a Rule 60(b) motion "arguing that he was improperly sentenced under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA), because his prior state court convictions should have been deemed invalid under a treaty with the Ponca Tribe of Oklahoma." *Id.* The sentencing court determined the Rule 60(b) motion was an unauthorized second or successive § 2255 motion and denied the motion for lack of jurisdiction. *See id.*

Mr. Scott asserts four claims for relief in the instant habeas corpus action that, like his claims in the Rule 60(b) motion, challenge the validity of his sentence because his prior state court convictions allegedly are invalid under a treaty with the Ponca Tribe of Oklahoma. As relief he asks the court to vacate his sentences and either dismiss the indictments or order a new sentencing hearing.

The purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. §

2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity" and "[a] 28 U.S.C. § 2255 petition attacks the legality of detention." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). A habeas corpus petition pursuant to § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). Instead, "[t]he exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965); *see* 28 U.S.C. § 2255(e).

It is clear to the Court, and Mr. Scott does not dispute, that he is challenging the validity of his sentence in this habeas corpus action. Therefore, his claims must be raised in the Northern District of Oklahoma in a motion pursuant to § 2255 unless that remedy is inadequate or ineffective.

Mr. Scott bears the burden of demonstrating that the remedy available pursuant to § 2255 is inadequate or ineffective. *See Prost v. Anderson*, 636 F.3d 578, 584 (10th Cir. 2011). This burden is not easily satisfied because "[o]nly in rare instances will § 2255 fail as an adequate or effective remedy to challenge a conviction or the sentence imposed." *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010); *see also Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) (noting that the remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances"). The test for determining whether the remedy provided in the sentencing court pursuant to § 2255 is

inadequate or ineffective is whether Mr. Scott's claims could have been raised in an initial § 2255 motion.   See *Prost*, 636 F.3d at 584.   "If the answer is yes, then the petitioner may not resort to the savings clause [in § 2255(e)] and § 2241."   *Id.*

Mr. Scott argues in his response to Magistrate Judge Gallagher's show cause order that the remedy available in the sentencing court pursuant to § 2255 is inadequate or ineffective because his claims are supported by cases that had not been decided when he filed his initial § 2255 motion, he cannot meet the stringent requirements imposed by § 2255(h) for filing a second or successive § 2255 motion, and he is actually innocent. These arguments lack merit.   First, "the absence of [a case] from the U.S. Reports at the time of a prisoner's first § 2255 motion has [nothing] to do with the question whether § 2255 was an inadequate or ineffective remedial mechanism for challenging the legality of his detention."   *Prost,* 636 F.3d at 589.   Second, "the mere fact that [a prisoner] is precluded from filing a second § 2255 petition does not establish that the remedy in § 2255 is inadequate."   *Caravalho*, 177 F.3d at 1179.   Finally, Mr. Scott's actual innocence argument does not persuade the Court that the remedy available in the sentencing court pursuant to § 2255 is inadequate or ineffective because, "[u]nder the *Prost* framework, a showing of actual innocence is irrelevant."   *Abernathy v. Wandes*, 713 F.3d 538, 546 n.7 (10th Cir. 2013).

Mr. Scott does not present any reasoned argument with respect to the *Prost* test in his response to Magistrate Judge Gallagher's show cause order and he fails to demonstrate his claims could not have been raised in an initial § 2255 motion. Therefore, the Court finds that Mr. Scott fails to demonstrate the remedy available in the

sentencing court pursuant to § 2255 is inadequate or ineffective and the application must be dismissed for lack of statutory jurisdiction.   *See Abernathy*, 713 F.3d at 557. Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.   *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.   Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed for lack of statutory jurisdiction because Applicant fails to demonstrate that the remedy available to him in the sentencing court is inadequate or ineffective.   It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this   8th   day of   February  , 2016.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court